Good morning, Your Honors. My name is Cynthia Kagiwara. I represent Robert Kaialau on this appeal. Mr. Kaialau is challenging his conviction for four counts of the Vicar Statute, a violent crime in the aid of racketeering. The purposes of this appeal, the elements that are really at issue, are whether or not there's an enterprise, and whether or not the enterprise was engaged in racketeering activity. Could I ask you a first-jump question? The time is limited. Would you concede that a security team is necessary to the operation of an illegal game room? I would concede that it's necessary. However, it doesn't necessarily mean that that is part of the illegal game room, or that it is the management or controlling role of the game room. Would you concede that it's at least helpful to have a security team to operate an illegal gambling business? Yes, Your Honor, I would concede that it is helpful. But that's not sufficient? In this case, the Supreme Court has held in Santa Maria that any degree of participation in an illegal gambling business, except participation as a mere bidder, then makes that part of the operation. Well, I think part of the problem here is we're talking about a vicar offense. And this is actually, I think, what happened with the problem with the jury instructions, is the merging of an illegal gambling business with a vicar offense. And so for purposes of vicar, the government had to show that there was an enterprise, and it could be an association-backed enterprise, and that the enterprise engaged in racketeering activity. And the problem that happens here with the jury instructions is when the court tried to merge what was racketeering activity under the illegal gambling statute with the vicar offense, the court gave this language about the defendant had to conduct, manage, supervise, finance, or own an illegal gambling operation. And that instruction was misleading, if not inadequate, to advise the jury of what they needed to find. How do we draw a principled line between participation in an illegal gambling operation and non-participation? For instance, I mentioned the Coca-Cola company is not a participant in the gambling room because it sells Coca-Colas that are drunk and gambling. Right. How would you have us draw the line in this case? Well, I don't know if it's for the court to draw the line or if it's for the jury under the facts to determine whether or not... How would we instruct the jury? What facts are sufficient to find the participation required, and what facts are insufficient? Well, I think the problem is the jury needs to be clearly instructed that the enterprise was the one that was engaged in the racketeering activity. And in this case, the problem was they were instructed that the defendant had to be engaged, you know, conducted, financed, owned, managed... Or part of the enterprise. Isn't that what the instruction was? No, the instruction didn't say part of the enterprise. I don't believe that the defendant was involved in an activity which made him part of the enterprise. Isn't that basically what the instruction was? Well, Dawn, if I could, if I could just jump to the instruction. The problematic instruction is in the excerpt of record, volume 2, page 70. It's court's instruction number 25. And this is where the court instructed the jury about being engaged in racketeering activity. The problematic language is that the elements for a violation of 18 U.S.C. section 1955 are as follows. Number one, the defendant conducted, financed, managed, supervised, directed, or owned an illegal gambling business. And the jury had some real problems with this instruction. They sent back three questions on this instruction saying, we don't understand it, you know, what are we supposed to find? And I think it says clearly right here that the defendant had to do all these things, not the enterprise. In answer to a jury question, the court cleared it up and said, the enterprise has to be engaged. Well, the court cleared it up by referring back to this instruction. The enterprise engaged in racketeering activity. The enterprise engaged. In other words, your client's security organization. But the court still referred the jury back to this troubling instruction saying, look again at instruction number 25, which says the defendant, you have to find a defendant who conducted, financed, managed, etc. And it doesn't say part of an illegal gambling business. It says an illegal gambling business. And the jury was- There's a conflict between the preamble to the elements and the elements. That's correct, Your Honor. But wasn't that cleared up again by when the R21s of the government, when the court said the government must prove both the enterprise engagement and racketeering activity? Well, that was in response to the jury's first set of questions. And after that, the jury asked again, we don't understand what we're supposed to find. In the third question that they sent, which is in your excerpt of record at 61, they stated, this is after the judge already told them, look at the enterprise, look at jury instruction number 25 again. They said, Your Honor, some of us believe that instruction 25, element 1, requires that the government prove beyond a reasonable doubt that the defendant personally conducted, managed, etc. a wholly illegal gambling business. Others believe that it's sufficient if the government proved beyond a reasonable doubt that the enterprise ran an illegal gambling business as a member of a management team. The defendant knowingly did conduct, manage, or direct a substantial and essential but supportive part of the illegal gambling business. Would you comment on the distinction? And the court's response, once again, the court referred the jury back to instruction number 25 and stated, The government does not need to prove that the defendant personally conducted, managed, or direct a wholly illegal gambling business or was a leader of the enterprise in decline when it existed. The court also refers you to instruction number 25, which answers your question. The problem with that is the defendant is not the enterprise. The government had to prove an enterprise separate from the defendant. And this instruction still directs the jury to focus on the defendant's conduct. And this kind of leads into my second issue about the chart. You know, the chart that was used throughout the course of this proceeding further misled the jury because it was entitled the Robert Kailau Organization. And it showed a picture of not only Mr. Kailau's security employees in the top half of the chart in yellow, as well as some of the Korean people that he had some associations with. It also showed Jaime Wang's gambling people on the bottom half of the chart, all under his organization. Were you the lawyer below? I was not, Your Honor. The lawyer below, though, ended up, for the defendant, referring to that chart and using that chart. Is that true? That's true, Your Honor. You did well. And it was a confusing case in terms of there were a number of witnesses with similar names. I'm not saying that some kind of chart could have been used. I'm just saying that the one that was used was impermissibly suggestive and gave the jury the issue. It gave the jury, this is the enterprise. Here you go. Here's your enterprise, the Robert Kailau Organization, which includes not only his security, legitimate security employees, but also included all these gambling people who did not work for him. But it just seems odd that you're complaining about the chart and yet the counsel below used that chart as part of the case, seeing that the chart was so misleading and confusing that it should have been used by counsel for the defendant. Let me ask you another question. You know, in response to the jury's questions, it seemed to me that the court's response was accurate and correctly informed. Under 1955, it is a crime to conduct, finance, manage, supervise, direct, all or part of an illegal gambling business. Why wouldn't the security provided by the defendant be a part of the enterprise? Well, because that was something that the government had to prove then, that the security was indeed part of the business. But I don't know that that... They couldn't conduct the business unless they had armed guards around keeping people from shooting each other. The illegal... The records seem to indicate that these gambling deaths were very dangerous places. And the records seem to indicate to me they couldn't stay in business unless they had security. Why doesn't that make the security part of the enterprise? Because the enterprise, you know, I don't even know that the enterprise was the gambling business. In fact, in the government's answering brief, they argued that the enterprise was the Robert Kailau organization, not necessarily the gambling business. And I think that's part of the problem, is what is the enterprise? If you're saying that, you know, the enterprise is Kymie Wang's gambling business... On this record, maybe that wasn't the question. Was the enterprise? And if the jury said yes, what's the question? Well, I think the problem, though, is with the jury instructions they got. I don't think we have any confidence that they actually decided correctly that there was an enterprise. Because they were instructed that is enough if they found that the defendants did these things. Not that the enterprise itself had to do these things. Or, as under 1955, where the defendant's business was part of the enterprise. And that's what the jury was told. Wasn't that correct? Well, no, because in the instructions they weren't told that it could be part of the enterprise. They were told that the defendants had to do all these things. And they were told that in response to one of your questions, were they not? I'm not sure which response you're referring to, Your Honor. I thought the court responded to one of your questions by assigning to 1955. Yes, you're right, Your Honor. In its response to the first set of questions, the court did, in response, refer to 1955 and say, to prove that the enterprise engaged in racketeering activity, the government must prove that the enterprise violated 18 U.S.C. section 1955. But then again, it refers the jury back to the problematic instruction where the preamble talks about the enterprise, but in the text, it refers to the defendant. And after this response, the jury was still hung up on this issue. They were still having trouble deciding whether there was enterprise engaged in racketeering activity. That's why they submitted the third question. And then it says, as revealed in your written instruction, defining enterprise. Is that from 2007? The year of 20? Basically, the definition of enterprise in the text of U.S.C., 18 U.S.C., 1959, 1982, is fairly straightforward. And it goes on to define what enterprise is. And it doesn't say anything in the definition. We want to believe that enterprise means something. Right. But he didn't say, I'm going to change my instruction. And he also says at the end, read instruction number 25 again. You know, it's answered in instruction number 25. So, if he redefines enterprise, and defines it in a way which separates the receivership from the defendant, isn't that exactly what the answer is to the jury's question? Where they said, some receive. The defendant has to be engaged with the person conducting it. Some receive the enterprise. So, he says, this is what enterprise means. He doesn't say it could be confused with defendant. But that question that you're referring to that the jury asked, they asked that after he supposedly cleared it up. Because there were two sets of questions from the jury. After the first set of questions, he gave this long response about the definition of the enterprise. Right. And said it's sent forth in instruction number 25. And then the jury sent another question out, the third question, about we're hung up on this element. We can't figure it out. And in response to that, the court said, I refer you to instruction number 25, which answers your question. Well, the investigation says more than that. It says the government does not need to prove the defendant personally conducted management to correct the whole elite gambling business or was a leader of the enterprise. A few friends of the system. Then, take a look at 25. Yes. Yes, Your Honor, you're correct. However, I still think it's not clear to the jury what they were supposed to find in terms of the enterprise versus the defendant. This doesn't say you must find an enterprise rather than a defendant. Can counsel trial offer instruction which counsel thought was more clear? Your Honor, I'm out of time. May I answer the question? Yes. No, the defense counsel did not adapt to this particular instruction. However, in the responses, he wanted some different things put in, which the district court judge did not agree with and gave this instruction instead. Let me just ask one more question. He said instructions number 25 and 28 were inconsistent. They don't appear to me to be in conflict at all. You have instruction 25 and then you have number 28. He says it's not necessary to prove that the defendant was himself a part of the enterprise engaged in racketeering activity. It appears to me to be very consistent with instruction number 25. Why isn't it? Well, because, again, the language in jury instruction number 25 said that the jury would have to find that the defendant conducted, financed, managed, supervised, directed, or owned an illegal gambling business. Are the answer for any part here? But that's not what the instruction says. The original instruction. The name of the judge is the same as the instruction when he's responding to a jury question. You cannot equate that with the judge? Again, all I can say is that I don't believe that the jury understood it still because after he gave that initial response, they still were confused. So, thank you. Thank you very much. Counsel in Washington, Mr. Shanker. Thank you. I may please the court, and I would like to thank the court for accommodating me in these circumstances. I would first note in response to the issue about the jury instructions, I would remind the court that the jury instructions are reviewed for tiny error. In this case, there was no objection. In fact, there was repeated acquiescence to the jury instructions. But under any standard of review, I think my public counsel's premise that instruction number 25 was problematic or erroneous in the first place, I think is wrong. Instruction number 25 is an absolute correct statement of the law. It says that it's the enterprise that must be engaged in racketeering activity, and one type of racketeering activity is a violation of Section 1955. The court then say that the elements of Section 1955 pervade them from the statute. Now, Section 1955, of course, in addition to being a predicate racketeering activity under the Pickard statute, is a standalone offense. And so, when the elements of Section 1955 are read, they include the term the defendant, because in some cases it's a standalone statute. But that's not an incorrect statement of the law. I would agree that Rigo and Pickard are confusing areas of the law because of this very predicate situation. And perhaps the jury was confused, which I'll turn to next, but that doesn't mean that this was an incorrect instruction. It was an absolutely correct statement of the law. Now, the jury does appear to be a little confused by the use of the word defendant in Instruction 25 when the court was listing the elements of the predicate offense, Section 1955. But, as some of the panel members have noted, the court cleared that confusion up in its responses to the jury questions, and it clearly stated that the government must prove an enterprise, must prove that the enterprise engaged in racketeering activity, and that the racketeering activity that was alleged here is a violation of Section 1955. And the court specifically said, therefore, quote, the government must prove that the enterprise violated 18 U.S.C. Section 1955. So, I don't think there were any incorrect instructions here, but even to the extent that the jury may have been confused, the court cleared that up. And I think the jury was left with the unmistakable understanding that the government had to prove an enterprise, the government had to prove that the enterprise engaged in racketeering activity, and the racketeering activity at issue here was the conducting, managing, supervising, so forth, of all or part of the gambling business. Let me ask you about the or part. How far can we stretch the language part of an illegal gambling business? Does a person serving food at a game room conduct part of the illicit gambling? What about a person who sweeps the floor? How do we draw a line in these cases? Well, Your Honor, I think that someone whose business, and I think it would be up to the jury, whose participation in the gambling business is integral to the business, would certainly conduct a part of the business. And I think at the margins, there will be close cases. And I think that it is up to the jury. But I think in this case, there was ample evidence provided that the security aspects were absolutely integral, if not necessary, to the conducting of these businesses. Thank you. I'm sorry? Yes, thank you. Okay. I'll turn quickly to the issue of the chart. The chart, again, is reviewed for plain error, and it was really designed to clear up any confusion among the jury members. A lot of things it puts faces to names. As my opposing counsel could see that there were many witnesses in this case who had similar sounding names, that was the purpose of the chart. But the important thing to remember is that to the extent that there was any substantive input to the chart that could have been gleaned from it, it was fully supported by the evidence that was presented by the government. Specifically, eight of Mr. Kylow's co-defendants testified against him. They all testified that this was a complete group. It was under the heading of Mr. Kylow, under the leadership of Mr. Kylow, and that it worked very closely with the Wang organization, the Wang family enterprise. And so I don't think that the addition of the chart goes to the level of plain error, at the very least. And if the court has no further questions, the government will let Mr. Brees. Thank you very much. I think you've exhausted your time. So with that, the case of Kylow versus Brees will say that we want submission, and the court will adjourn its session today. Thank you. All rise.
judges: Farris, Nelson D. W., Bea